IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONALD BURRELL *et al.*,

   Plaintiffs

v.     CIVIL NO. JKB-17-2278

911 RESTORATION FRANCHISE, INC., *et al.*,

   Defendants

## MEMORANDUM AND ORDER

This case was dismissed following the Court's grant of Defendants' motion to compel arbitration. The dismissal order was docketed on November 17, 2017. (ECF Nos. 19, 20.) All parties were represented by counsel, who were sent Notices of Electronic Filing by the Electronic Case Filing / Case Management system in the form of email notifications on the same day the dismissal order was docketed. On December 26, 2017, Plaintiffs' counsel, Harry M. Rifkin, Esq., filed a Notice of Appeal (ECF No. 21) that stated the following:

> Petitioners, Donald Burrell, April Burrell and 911 Restoration of Baltimore, Inc. by their attorneys, Harry M. Rifkin and the Law Offices of Harry M. Rifkin, notice the appeal to the United States Court of Appeals for the Fourth Circuit of the Order entered by this Court on November 26, 2017 and all earlier judgments and orders in this case.

On February 26, 2018, Mr. Rifkin filed a Request to Allow Late Filed Notice of Appeal. (ECF No. 24.) He indicated in his motion and in the accompanying sworn statement that he had suffered a stroke on October 21, 2017, that affected his balance and left him unable to stand, walk, or work. After a few weeks, his condition improved, but he was only able to work an hour or two a day because of extreme fatigue and a limited ability to concentrate. Finally, in late

December 2017, he felt well enough to work at least several hours a day; he then filed the appeal notice as soon as he was able. Mr. Rifkin thus asserted that "his condition at the time constitutes excusable neglect causing him to file the appeal 9 days late on December 26, 2017."

Unfortunately, and despite the obvious existence of either excusable neglect or good cause for the late notice of appeal, this Court cannot grant the requested relief. Rule 4 of the Federal Rules of Appellate Procedure does not permit the Court any discretion in this regard.

Under Rule 4(a)(1)(A), the time for filing a notice of appeal in a civil case is thirty days after entry of the judgment or order from which the appeal is taken. Late filing, however, may be permitted under Rule 4(a)(5) or Rule 4(a)(6), but only if those subsections' strict requirements are met.

> Subsection (5) reads as follows:
>
> (A) The district court may extend the time to file a notice of appeal if:
>   (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>   (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
>
> (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.
>
> (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.
>
> Subsection (6) reads as follows:
>
> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

2

     (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

     (C) the court finds that no party would be prejudiced.

Because the February 26, 2018, motion invokes the concept of excusable neglect, it may be inferred as a motion pursuant to Rule 4(a)(5) for an extension of time within which to file a notice of appeal. However, such a motion is only valid if filed no later than thirty days after the time prescribed by Rule 4(a) expires—in this case, thirty days after December 18, 2017[1]; thus, the motion under Rule 4(a)(5) had to have been filed no later than January 17, 2018. The instant motion, filed February 26, 2018, comes too late. It should also be noted that even though Rule 26(b) generally permits the extension of time periods imposed by the Federal Rules of Appellate Procedure, Rule 26(b)(1) expressly forbids the extension of time for filing a notice of appeal, except as Rule 4 authorizes. Since Plaintiffs' motion, if construed as one under Rule 4(a)(5), does not comply with its requirements, it must, consequently, be denied.

Although it might be possible for the Plaintiffs to claim they did not receive notice of the October 17, 2017, entry of the order closing the case due to Mr. Rifkin's incapacitation during that time, they clearly did receive notice of its entry at some point prior to December 26, 2017. While Plaintiffs might be able to construct a meritorious argument of late notice that would entitle them to file a motion to reopen the notice-of-appeal period pursuant to Rule 4(a)(6), such a motion could only be filed within fourteen days after having received notice under Federal Rule of Civil Procedure 77(d) of the entry of the October 17, 2017, order. Again, their February 26, 2018, motion is too late.

---

[1] The thirty-day period for filing a notice of appeal as of right ended December 17, but that was a Sunday; so, under Rule 26(a)(1), the notice of appeal could have been filed as of right by the end of December 18.

Some case law exists for construing, as a motion to extend time, a late-filed notice of appeal that is filed within the thirty-day period after the prescribed period expires. However, that judicial construction is only allowed if the late-filed notice of appeal contains language that may be interpreted as a request for additional time and providing some sort of basis for inferring excusable neglect or good cause. A "bare" notice of appeal with nothing more is insufficient to permit the Court to construe it as a motion to extend. *See Shah v. Hutto*, 722 F.2d 1167, 1168-69 (4th Cir. 1983) (*en banc*). *See also Washington v. Bumgarner*, 882 F.2d 899, 900-01 (4th Cir. 1989). Plaintiffs' notice of appeal contains no such additional language and cannot be construed as a motion for extension of time to appeal.

The relevant rules of procedure work a harsh result in this case. Rule 4 in particular grants the Court little latitude, even when confronting the sympathetic scenario set out above. Given the Rule's exactitude, and its lack of escape clauses and exceptions for excusable neglect in the sort of circumstances present here, the Court can only conclude that the draftsmen <u>intended</u> the hard outcome dictated here. Perhaps the plain language of the Rule should be softened, but it is not up to the Court to effect such an amendment. And, given the plain language, a ruling more accommodating of Counsel's sympathetic circumstances would have <u>exactly</u> that impermissible result.

For the reasons stated here, the Court concludes Plaintiffs' notice of appeal is untimely and does not suffice as a motion to extend time for filing a notice of appeal. Therefore, Plaintiffs' motion (ECF No. 24) IS DENIED.

DATED this 1st day of March, 2018.

                                        BY THE COURT:


                                        _____/s/_____
                                        James K. Bredar
                                        Chief Judge